UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M. JOHNSON,

            Plaintiff,

v.

UNITED STATES VETERANS
AFFAIRS, *et al*.

           Defendants.

CASE NO. 3:24-cv-05336-DGE

REPORT AND RECOMMENDATION

NOTED FOR: June 28, 2024

This matter is before the Court on referral of Plaintiff Brenda M. Johnson's Motion to Proceed *In Forma Pauperis* ("IFP") and her Proposed Amended Complaint. Dkts 1, 5.

Plaintiff's Proposed Amended Complaint fails to state a claim upon which relief can be granted. The Court previously offered Plaintiff an opportunity to amend her Complaint, and the amendment proved to be futile. Therefore, the Court declines to offer Plaintiff another opportunity to amend. The Court recommends that the IFP motion be **DENIED**, that this matter be **DISMISSED without prejudice**, and that the case be closed.

REPORT AND RECOMMENDATION - 1

## I.  BACKGROUND

Plaintiff initiated this matter on May 3, 2024, and seeks to proceed IFP. *See* Dkt. 1. In support of her IFP Motion, Plaintiff submitted a Proposed Complaint alleging that she provided healthcare services to a veteran, that the Defendants were required to pay for these services, and that their refusal to do so constituted unlawful discrimination against Plaintiff. Dkt. 1-1.

On May 17, 2024, after reviewing Plaintiff's Proposed Complaint, the Court ordered Plaintiff to show cause or amend the Complaint for failing to state a claim upon which relief could be granted. Dkt. 3. The Court stated the following:

> Plaintiff appears to seek relief for a contractual or quasi-contractual obligation owed to her by the VA or another federal agency. Documents that Plaintiff submitted in support of the Proposed Complaint also indicate that she seeks relief for employment retaliation and discrimination by the same parties. Dkt. 1-10 at 1. However, Plaintiff has not stated any claims against the named Defendants and it is unclear how any named Defendants would be liable in this action.
>
> For example, Plaintiff includes no facts in the Proposed Complaint which, if true, would obligate any Defendant to pay for services that Plaintiff rendered. Although Plaintiff states the veteran informed her that his insurance would pay for her services, Plaintiff does not indicate whether any Defendant agreed to pay for these services. Beyond attaching a few vague statements from an email chain with VA representatives, Plaintiff does not explain when the VA denied the forms she submitted or what reasons the VA provided for denying them. Dkt. 1-10 at 2–3. Plaintiff does not explain whether she was hired by the veteran(s) directly, by the VA, or by a third entity. Plaintiff fails to allege any facts against the U.S. General Services Administration ("GSA"). Although she states that "Plaintiff was treated differently and payment for the same service was denied," Plaintiff fails to explain how she was treated differently, and by whom. Dkt. 1-1 at 5.
>
> In sum, Plaintiff has not alleged facts sufficient to show she is entitled to relief in this case. Plaintiff has failed to provide clarity regarding the nature of her claims sufficient to show what happened, when it happened, who was involved, and how those acts violated her rights or federal law. As such, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief.

REPORT AND RECOMMENDATION - 2

1  Dkt. 3 at 3–4. The Court declined to rule on Plaintiff's IFP Motion until she filed an amended

2  complaint that corrected the deficiencies. *Id.* at 4–5. On June 4, 2024, Plaintiff filed her Proposed

3  Amended Complaint. Dkt. 5.

4        The Proposed Amended Complaint now names Matthew Neuzil as an individual

5  Defendant. Dkt. 5 at 4. Other than this change, Plaintiff did not address any of the deficiencies

6  identified by the Court's Order, and largely repeats the same sparse and confusing allegations

7  that Defendants were obligated to pay Plaintiff for healthcare services she provided to a veteran.

8  *Id.* at 4–11.

9        **II.    DISCUSSION**

10        Where a plaintiff proceeds (or seeks to proceed) IFP, 28 U.S.C. § 1915(e)(2)(B)

11  authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or

12  the complaint "fails to state a claim upon which relief may be granted[.]"

13        Here, Plaintiff alleges that "a contract was signed" and that "services were performed

14  without pay from 12/05/2023 to currently." Dkt. 5 at 5. The Proposed Amended Complaint does

15  not specify what services Plaintiff performed, or for whom she performed them. Dkt. 5 at 5–8.

16  The Court notes, however, that the original Proposed Complaint alleged that Plaintiff provided

17  care "for a disabled veteran and another client" and that the veteran informed her that his

18  insurance would pay for her services, but that the Department of Veterans Affairs ("VA") never

19  paid for services rendered. Dkt. 3 at 2 (citing Dkt. 1-1 at 5).

20        The Proposed Amended Complaint still contains no facts which, if true, would obligate

21  any Defendant to pay for services that Plaintiff rendered. Plaintiff alleges that "a contract was

22  signed," but does not state the terms of the contract, who signed it, or when it was signed. Dkt. 5

23  at 5. Plaintiff indicates that she is also seeking recovery for an implied contract but does not state

24

REPORT AND RECOMMENDATION - 3

1 whether any Defendant requested her services or agreed to pay her. Dkt. 5 at 8. Finally, Plaintiff
2 alleges discrimination by the VA because of her race and gender but does not explain what the
3 VA did that was discriminatory. Dkt. 5 at 5.

4       Plaintiff attaches several documents, including: (1) a business license issued to Plaintiff,
5 Dkt. 5-1 at 2; (2) invoices Plaintiff submitted to the Washington State Health Care Authority and
6 the VA for her care of an individual named Norris Hockett, *Id.* at 3–18; (3) various forms
7 submitted by Plaintiff to the VA for payment of services rendered, *Id.* at 19–24, 37–57; and (4) a
8 Provider Account Application to the Washington State Department of Labor & Industries
9 ("L&I") which includes a Provider Agreement signed by Plaintiff, *Id.* at 25–36. Plaintiff does not
10 explain how any of these documents create a contractual obligation for any Defendant to pay
11 Plaintiff, and simply leaves the Court to intuit their meaning. Importantly, none of the documents
12 appear to contain a signature or agreement by any party to pay for Plaintiff's services.[1]

13       In short, Plaintiff provides no allegations showing that any Defendant breached a contract
14 with Plaintiff or discriminated against her. Plaintiff's Proposed Amended Complaint therefore
15 fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp.*
16 *v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The
17 Court previously provided Plaintiff an opportunity to amend and now finds that offering another
18 opportunity to amend would be futile. Therefore, the Court recommends that Plaintiff's Motion
19 to Proceed IFP should be denied and that the matter be dismissed without prejudice.
20 //
21 //
22

---

23 [1] Although Plaintiff states that "the signed document was not given unto [Plaintiff]," context indicates that this is a reference to Plaintiff's marriage dissolution and subsequent name change, rather than any document signed by a
24 Defendant. Dkt. 5 at 11.

REPORT AND RECOMMENDATION - 4

### III.   CONCLUSION

The undersigned recommends that the District Court **DENY** the Motion to Proceed IFP (Dkt. 1) and **DISMISS** this matter **without prejudice**. Further, the Court recommends that Plaintiff's Motion for Exemption from Electronic Public Access Fees (Dkt. 7) be **STRICKEN**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 28, 2024, as noted in the caption. The Clerk is also directed to send a copy of this Report and Recommendation to Plaintiff.

Dated this 14th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge